Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Douglas E. Hunt _____ Docket No. 1:09CR00114-001 _____

### Petition on Supervised Release

COMES NOW Eric Olson, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Douglas E. Hunt, who was placed on supervision by the Honorable T.S. Ellis, III, United States District Judge sitting in the Court at Alexandria, Virginia, on the 22nd day of May, 2009, who fixed the period of supervision at ten (10) years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program for the treatment and monitoring of sex offenders, with partial costs to be paid by the defendant, all as directed by the probation officer.
2. The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.
3. The defendant shall register with the State Sex Offender Registration Agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, according to Federal and State Law and as directed by the probation officer.
4. The defendant shall surrender any teaching licenses he holds in any state, including, but not limited to West Virginia.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**ORDER OF COURT**

Considered and ordered this ___ day of April, 20 18 and ordered filed and made a part of the records in the above case.

_____
T. S. Ellis, III
United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

2018.04.10
09:37:56 -04'00'

_____
Eric Olson
Senior U.S. Probation Officer
703-299-2341

Place Alexandria, Virginia

**TO CLERK'S OFFICE**

Petition on Supervised Release                                                    Page 2
RE: HUNT, Douglas E.
1:09CR00114-001

OFFENSE: Enticement of a Minor to Engage in Sexual Activity

SENTENCE: One hundred twenty (120) months and ten (10) years of supervised release

ADJUSTMENT TO SUPERVISION: On August 18, 2017, the defendant, Douglas Hunt, was released from the Bureau of Prisons to begin supervised release. Since that time, Mr. Hunt's adjustment to supervision has been marginal. In some respects, he has done well. Since his release, he has either been employed or during periods of unemployment has conducted a good-faith and diligent effort to obtain employment. At this time, Mr. Hunt works as a merchandiser for a New Jersey-based nursery that supplies the Washington, D.C. area Home Depots with trees and shrubs. This position is currently providing full-time hours. Mr. Hunt rents an efficiency apartment in Annandale, Virginia. He has also been able to secure personal transportation, has reported as directed for all appointments, and has complied with the sex offender registry requirements.

Mr. Hunt was referred to the Center for Clinical and Forensic Services, Inc. for sex offender counseling. He is currently enrolled in group and individual counseling. He has maintained good attendance and has participated appropriately. At times, however, he has not disclosed relevant details about his current behaviors in the community. This dishonesty is of concern and limits counseling's ability to mitigate risk to reoffend. Mr. Hunt's history of dishonesty is described below as it has been a significant barrier to progress.

On August 21, 2017, Mr. Hunt reported to the probation office for his first supervision appointment. The terms and conditions of his supervision were reviewed in detail. The instant offense was discussed and the defendant accepted responsibility for his actions. He candidly described that the instant offense was the end result of a three-year period of seeking causal sexual encounters with adult females over the internet.

On November 10, 2017, the defendant disclosed that on or about November 3, 2017, he began using adult dating websites to seek companionship. The defendant did *not* at that time disclose that he had solicited sex from any of the women with whom he communicated. The defendant was reprimanded verbally for not disclosing his return to the internet for this purpose to the probation office or his sex offender treatment provider sooner despite having opportunities to do so. The matter was processed in group and the defendant was instructed that seeking companionship via adult dating websites is not appropriate.

On December 8, 2017, during a routine home visit, the probation office discussed with the defendant his willingness to consent to have monitoring software installed on his laptop computer and smart phone. Mr. Hunt agreed the software would be helpful to deter him and serve as an external control on his behaviors. The defendant produced his smart phone from his pocket to provide the probation officer with the serial number. After doing so, the probation officer observed a photograph of an adult Asian female on the phone's screen. The female was dressed in lingerie with her bare breasts exposed. The defendant stated that the photograph was text messaged to him from "Lily," an escort he met through Flawless Escorts. Mr. Hunt admitted that he met Lily on three (3) occasions over the prior three (3) weeks and paid ($140.00) for sex on each occasion. Mr. Hunt consented to the probation officer to look through his phone, including his emails, text messages, and photographs. The probation officer noted an additional name of "Linda" was referenced in some communications about escort services the defendant received. The defendant claimed that "Linda" and "Lily" were the same person, an adult female, of Asian, possibly Chinese, descent. The defendant was given the opportunity to disclose any additional behaviors. He indicated that on one other occasion since his release, he had visited a massage parlor and paid for sexual services. None of the above information had been reported to the probation officer or sex offender treatment provider despite the defendant having the opportunity to do so.

Petition on Supervised Release                                                      Page 3
RE: HUNT, Douglas E.
1:09CR00114-001

On December 11, 2017, the defendant reported as directed to the probation office. This officer and Supervising United States Probation Officer Robert Goldman met with the defendant. He was reprimanded for his behaviors and subsequent dishonesty. The defendant was reminded that probation and sex offender counseling can assist him with avoiding sexually risky behaviors, and mitigating his risk to re-offend, but only if he is honest with everyone.

During the December 11, 2017, office visit, the defendant amended his prior self-reported information. Mr. Hunt described that he had met a total of seven (7) adult females through the internet and met with them personally for sexual intercourse. He also stated the total number of times he had been to a massage parlor for sexual purposes was four (4). Mr. Hunt described he has had difficulty being honest with those around him since adolescence.

Mr. Hunt was presented with a Probation Form 49, a waiver of his right to representation and hearing, and agreed to the following additional conditions of his supervised release:

1. The defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer, including any internet service providers, bulletin board systems, or any other public or private computer network.

2. The defendant shall comply with and pay for the requirements of the Computer Monitoring Program as administered by the probation office, and consent to the installation by a probation officer of computer monitoring software on any computer or internet capable device to which the defendant has access, and with a notice placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not tamper with, reverse engineer, or in any way circumvent the software.

3. The defendant shall not utilize any sex-related adult telephone services, web sites, adult dating or escort websites, massage parlors, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition including but not limited to credit card bills, telephone bills, and cable/satellite television bills.

4. The defendant shall not have access to or possess any pornographic material.

5. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, or other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision.

6. The defendant shall submit to polygraph testing at any time as directed by the probation office.

The defendant waived his rights and agreed to the above modifications. On December 15, 2017, the executed waiver was submitted to the Court. On March 15, 2018, the Court memorialized the additional conditions of supervision via an Order.

Petition on Supervised Release                                                          Page 4
RE: HUNT, Douglas E.
1:09CR00114-001

On January 24, 2018, the defendant sat for a polygraph examination that focused on his sexual history. The defendant's answers to the relevant questions indicated he was not truthful. Following the test, the defendant disclosed consensual sexual contact with a 16-year-old female when he was 22-years-old. The female was a resident at a home for troubled youth at which the defendant was a counselor. In advance of the test, the defendant reported additional sexual contact he had with minor females (aged 16-17) that occurred after the defendant was 20-years-old or older. On January 26, 2018, the defendant made another disclosure about another victim from his past.

On February 2, 2018, the defendant sought permission to use zoosk.com, a dating site that advertises having 40,000,000 members worldwide. The probation office instructed the defendant not to use zoosk.com as it would not be appropriate.

On February 28, 2018, the defendant reported to the probation office as directed. He disclosed that since January 2018, he had visited a massage parlor on three (3) occasions and paid for sexual services. The defendant had not disclosed this information to his sex offender treatment group despite having the opportunity to do so. The defendant was advised that these behaviors would be reported to the Court as violations of supervised release.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**CONDITION 3:**                    **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER.**

On three (3) occasions beginning in or about January 2018, and continuing through in or about February 2018, the defendant, Douglas E. Hunt, visited a massage parlor on three (3) occasions and paid for sexual services. On December 11, 2017, the defendant was specifically instructed to not engage in this conduct any more.

**CONDITION 3:**                    **FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER.**

**SPECIAL CONDITION:**              **THE DEFENDANT SHALL NOT UTILIZE ANY SEX-RELATED TELEPHONE SERVICES, WEB SITES, ADULT DATING OR ESCORT WEBSITES, MASSAGE PARLORS, OR ELECTRONIC BULLETIN BOARDS.**

On December 11, 2017, the defendant, Douglas E. Hunt, agreed to the addition of the aforementioned condition and waived his right to a hearing and representation. The Court was notified of the defendant's waiver on December 15, 2017, and on March 15, 2018, the Court memorialized the modification with an Order (see Docket #29).

On April 5, 2018, during a review of the data captured by the monitoring software installed on the defendant's smart phone, the probation officer noted multiple visits by the defendant to the website http://m.asiame.com, a mobile website that advertises, "Meet elite singles from Asia." Also included in the website history were visits to web pages that appear to be associated with logging in, sending payment to, and checking for messages from http://m.asiame.com.

Petition on Supervised Release
RE: HUNT, Douglas E.
1:09CR00114-001

Page 5

The website history also indicates the defendant visited the pages: https://mwantmatures.com, a page that advertises itself as "online dating" and "Girls from Russia in Fairfax;" https://dating.silversingles.com, a page that advertises itself as "The Senior Dating Site for Mature Singles;" https://interracialdatingcentral.com, a page that advertises itself as a dating page "Where love is more that skin deep;" https://m.datehookup.com, a page that advertises itself as "100% Free Online Dating;" https://asiacharm.com, a page that describes itself as offering "Dating services of high quality;" and https://t.zoosk.com, the dating website the defendant requested to use in February 2018, but was denied by the probation office. The defendant visited these sites on multiple occasions starting on or about March 28, 2018, continuing until April 5, 2018.

On April 6, 2018, the defendant was interviewed about the website information captured from his phone by the monitoring software. The defendant admitted he was the individual using the phone to access the websites, that he had paid for the use of at least one of the dating sites, that he sent messages through the website(s) in attempt to contact others, and that he did all of the above knowingly and in violation of his condition of supervision.

ECO/cdp